# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| SANDRA PASCHAL,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendants. | Case No. |

## COMPLAINT

NOW COMES Plaintiff, SANDRA PASCHAL ("Plaintiff"), by and through her attorneys, hereby alleging the following against EXPERIAN, INFORMATION SOLUTIONS, INC. ("EXPERIAN" or "Defendant").

### Nature of the Action

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### Parties

2. Plaintiff is a natural person at all times relevant residing in Dougherty County, in the City of Albany, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

1

4. Defendant EXPERIAN is a corporation conducting business in the State of Georgia and is headquartered in Costa Mesa, California.

5. Defendant EXPERIAN is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs") as that term is described in 15 U.S.C. § 1681a(f).

## Jurisdiction and Venue

9. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

10. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein

claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

11. Plaintiff is a consumer who is the victim of inaccurate reporting by EXPERIAN regarding a credit account that she had with SYNCHRONY BANK, settled with SYNCHRONY BANK, and paid to SYNCHRONY BANK.

12. CRAs, including EXPERIAN have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

13. Further, both CRAs and Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

14. Further, Furnishers are prohibited from furnishing information it knows or should know is inaccurate.

15. Here, Plaintiff is a victim of inaccurate reporting regarding an account she had with SYNCHRONY BANK, an inaccuracy found in her credit report published by EXPERIAN. The following is a description of the inaccuracy and

failures of the Defendant to investigate and update their reporting of the account in question:

16. On or about July 21, 2020, Plaintiff and SYNCHRONY BANK settled an account ending in 7398 (the "Account") for $2,582.76.

17. Per the terms of the agreement, Plaintiff made consecutive payments totaling two thousand five hundred eighty-two dollars and seventy six cents ($2,582.76) with a final payments on June 23, 2022. This fully satisfied the terms of the agreement.

18. On or about May 16, 2024, Plaintiff received a copy of her credit report from EXPERIAN.

19. To her surprise, despite Plaintiff's performance under the terms of the agreement, EXPERIAN showed an inaccurate status of the account.

20. Specifically, EXPERIAN reported the Account with a current status of "Collection and Charge-Off", a balance owed of $6,456.00, and failed to report the payments that were made to satisfy the Account.

21. EXPERIAN's failure to report the Account correctly and failure to report the accurate status, accurate balance, and failure to report the paymenst Plaintiff made on the Account harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

22. On May 16, 2024, Plaintiff issued a dispute by mail to EXPERIAN regarding the incorrect information being reported on the Account.

23. The dispute package was received on or about May 24, 2024.

24. In her dispute letter, Plaintiff disputed the incorrect entry in her credit report that the Account was in a "Collection/Charged Off" status and that any balance was owed on the Account. In her dispute she included proof of the agreement between her and SYNCHRONY BANK and proof of the payments made in satisfaction of the agreement.

25. Upon information and belief, pursuant to their obligation under the FCRA, EXPERIAN notified SYNCHRONY BANK of Plaintiff's dispute within five days of receipt of the disputes.

26. Further, upon information and belief, EXPERIAN would have sent the documentation Plaintiff included in her dispute letter to SYNCHRONY BANK, including the terms of the settlement and proof of payment.

27. Despite her very specific dispute and accompanying documents supporting her dispute, the response Plaintiff received from EXPERIAN reiterated the same inaccuracies she had disputed.

28. At the time of the filing of this complaint, EXPERIAN continues to report the Account as having a current status of "Collection/Charge-off," having a

balance owed, and misreporting the payment history of the account. The two other CRA's, Transunion and Equifax, have reported the correct status of Plaintiff's Account with SYNCHRONY BANK.

29. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, EXPERIAN is required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

30. If EXPERIAN would have complied with their statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

31. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

32. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

33. Because of her concern over the effects Defendant' misreporting has had on her credit, Plaintiff has been unable to apply for or obtain financing to

purchase cars and a home, despite the fact that Plaintiff has had the financial means to do both.

## COUNT I – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

34. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

35. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

36. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

37. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

38. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

39. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

40. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

41. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-33.

42. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

43. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

44. As a result of this conduct, action and inaction of EXPERIAN, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

45. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

46. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

47. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                        Respectfully submitted,

Dated December 4, 2024      By: *s/ Mark A. Carey*
                                             Mark Carey
                                             The Law Offices of Mark A. Carey, P.C.
                                             391 Perimeter Center North, Ste 275
                                             Dunwoody, GA 30346
                                             Email: *markcareylaw@ymail.com*
                                             Phone: (716) 853-9432
                                             Attorneys for Plaintiff,
                                             SANDRA PASCHAL